Rapaport Law Firm, PLLC | Attorneys at Law | One Penn Plaza | Suite 2430 | New York, NY 10119 | Tel 212.382.1600 | Fax 212.382.0920 | www.rapaportlaw.com

# Rapaport Law Firm

Marc A. Rapaport*
Tel (212) 382-1600
Fax (212) 382-0920
mrapaport@rapaportlaw.com

*Member NY & NJ Bars*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 2-3-20

January 31, 2020

**VIA ECF**

Honorable John G. Koeltl
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

*[Handwritten: A pre-motion conference will be held on Wednesday, February 12, 2020, at 2:30pm. SO ORDERED. 2/3/20 — John G. Koeltl, USDJ]*

**Re:   Manuel Pimentel v. 615 W. 176th St. LLC and Chong S. Piper**
       **Case No. 19-cv-01374 (JGK)(DCF)**

Dear Judge Koeltl:

We respectfully submit this letter on behalf of plaintiff, Manuel Pimentel ("Plaintiff"), to request a pre-motion conference pursuant to Local Civil Rule 37.2 regarding Plaintiff's proposed discovery motion. This request is necessitated by the conduct of defendants, 615 W. 176th St. LLC and Chong S. Piper ("Defendants") in pervasively failing to comply with their discovery obligations. We write this letter only after engaging in multiple, unsuccessful telephone conversations with Defendants' counsel regarding the deficiencies and untimeliness of Defendants' responses to written discovery demands.

This lawsuit seeks to recover minimum wages under the FLSA and NYLL. Plaintiff, who worked for Defendants as a building superintendent, received no regular wages. Plaintiff filed his complaint on February 13, 2019. Defendants did not file their answer until nearly five months later, on June 7, 2019. At the Initial Conference, which was held on June 11, 2019, Your Honor entered a Scheduling Order directing that fact discovery be completed by November 1, 2019. Dkt. 20. On October 25, 2019, Your Honor issued an Order extending the discovery deadline to December 31, 2019. Dkt 34. On January 2, 2020, at Defendants' request, a further order was entered that extended the discovery deadline to January 31, 2020.

On September 24, 2019, Plaintiff served Defendants with Plaintiff's First Request for Production, Interrogatories, and a Deposition Notice scheduling defendant Chong Piper's deposition on October 25, 2019. Ms. Piper's deposition did not take place because Defendants continuously claimed that Ms. Piper was unavailable.

**Defendants' Failure to Provide Substantive Responses to Interrogatories, and Defendants' Scattershot Document Production Six Days Before the Discovery Deadline:**

Defendants did not provide interrogatory responses until January 13, 2020. Defendants' responses to six of Plaintiff's nine Interrogatories (Nos. 5, 6, 7, 8 and 9) consisted solely of formulaic objections and the following, identically-worded, rote statement:

> Defendants refer the Plaintiff to the documents produced for Defendants' responses to Plaintiffs' First Request for Production.

Defendants' references to unspecified documents are particularly unsatisfactory because Defendants waited until January 24, 2020 before they provided a scattershot production of 474 pages. Defendants have not provided a formal written response to the Demand for Production. Defendants have not provided entire categories of documents, including, *inter alia,* timesheets, emails that Defendants refer to in their interrogatory responses, and their purported written notice to Plaintiff regarding an alleged lodging credit toward his wages.

**Defendants Provided Their Initial Disclosures Two Days Ago:**

Two days ago, Defendants provided their Initial Disclosures pursuant to FRCP (a)(1)(A), without any explanation of their eleven-month delay. These belated Initial Disclosures identify two previously-unidentified individuals with discoverable information (Theodore and Thomas Piper), both of whom are sons of defendant Chong Piper. Plaintiff requested that Defendants provide specific dates on which Defendants will make Ms. Piper and these newly-identified individuals available for their depositions. After providing dates, Defendants backtracked. This afternoon, Defendants reversed their position again, and they now agree to make the following individuals available at the undersigned's office on the following dates:

(a) Thomas Piper: February 10, 2020;
(b) Jerry Sapkovski: February 11, 2020;
(c) Chong Piper: February 14, 2020; and
(d) Theodore Piper: Unspecified date after February 24, 2020.

With Defendants' consent, Plaintiff asks that deadline for fact discovery be extended to March 5, 2020, to facilitate the foregoing depositions, and that the foregoing schedule be so-ordered.

With respect to Theodore Piper, Plaintiff requests that the Court order Defendants to make him available for deposition between February 25, 2020 and March 5, 2020. In the alternative, Plaintiff requests that Defendants be precluded from offering testimony by the foregoing four individuals.

**Defendants' Untimely Response to Plaintiff's First Requests for Admissions:**

On October 9, 2019, Plaintiff served First Requests for Admissions pursuant to FRCP § 36. Defendants belatedly responded on December 30, 2019, without having made an application to the Court under FRCP § 36(a)(34) for an Order expanding Defendants' time for responding. Given the extreme untimeliness of Defendants' responses, the undersigned informed Defendants' counsel that each matter in Plaintiff's First Requests for Admissions was deemed admitted.

Beyond the untimeliness of Defendants' responses, Defendants baselessly refused to admit or deny Request No. 7, which requested that Defendants admit or deny the following:

> 7. At the time of Plaintiff's hiring, Defendants never provided Plaintiff with a written notice stating the amount of his compensation.

Defendants responded that "Defendants do not have any knowledge to admit or deny this request." Pursuant to FRCP § (a)(6), Plaintiff believes that an Order should be entered that this matter is admitted.

In summary, Plaintiff, with Defendants' consent, asks that the deadline for fact discovery be extended to March 5, 2020.

Plaintiff further requests, without Defendants' consent, that the Court schedule a pre-motion conference for a proposed motion that will request the following relief:

(a) Defendants shall fully respond to items 5, 6, 7, 8 and 9 of Plaintiff's interrogatories;

(b) Defendants shall produce all documents responsive to Plaintiff's First Request for Production, including, *inter alia,* timesheets, records showing revenues received from all of Defendants' buildings, and communications with Plaintiff;

(c) Deeming all requests in Plaintiff's First Requests for Admissions admitted.

We appreciate the Court's attention to this request.

Respectfully submitted,

/s/
Marc A. Rapaport

cc: Shan Zhu, Esq. (via ECF)