```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/29/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MANUEL PIMENTEL,

                Plaintiff,

-against-

615 W. 176TH ST. LLC, and CHONG S. PIPER,

                Defendants.

1:19-cv-1374 (MKV)

ORDER

---

MARY KAY VYSKOCIL, United States District Judge:

      The Court is in receipt of a letter from Defendants, dated April 22, 2020, informing the Court that the parties have reached a settlement in principle and requesting that the Court adjourn all dates and deadlines in this case *sine die* [ECF #47]. However, because Plaintiff's Complaint asserts claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, judicial approval is required before settlement. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (holding that FLSA settlements require the approval of either the district court or the United States Department of Labor). "In deciding whether to approve a stipulated settlement, the Court must scrutinize the settlement for fairness." *Boucaud v. City of New York*, No 07-cv-11098 (RJS), 2010 WL 4813784, at *1 (S.D.N.Y. Nov. 16, 2010).

      Accordingly, IT IS HEREBY ORDERED that the parties shall provide the Court with a copy of the settlement agreement by May 29, 2020. IT IS FURTHER ORDERED that, by May 29, 2020, the parties shall submit a joint letter to the Court explaining why the proposed settlement reflects a "fair and 'reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (quoting *Mosquera v. Masada Auto Sales, Ltd.*,

No. 09-cv-4925 (NGG), 2011 WL 282327, at *1 (E.D.N.Y. Jan. 25, 2011)). Specifically, the parties should address the following factors:

> (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Id.* (quoting *Medley v. Am. Cancer Soc.*, No. 10 Civ. 3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)). The letter must also address whether there is a *bona fide* dispute as to the number of hours worked or the amount of compensation due and how much of the proposed settlement Plaintiff's attorney shall be seeking as fees. *Cheeks*, 796 F.3d at 203, 206. Absent special circumstances, the Court will not approve any settlement agreement that is filed under seal or in redacted form. *Id.* at 206.

IT IS FURTHER ORDERED that the parties, including Plaintiff personally, shall appear via teleconference for a fairness hearing on June 18, 2020 at 11:30 AM. Defendants are welcome, but not obligate, to attend. If Plaintiff does not speak English, Plaintiff must provide his own interpreter. The hearing can be accessed by dialing the Court's teleconference line at (888) 278-0296. Enter the access code 519-5844 when prompted. All other filing deadlines and appearance dates are adjourned *sine die*.

**SO ORDERED.**

Date: April 29, 2020  
New York, NY

_____  
**MARY KAY VYSKOCIL**  
**United States District Judge**