**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Manuel Pimentel, | |
| Plaintiff, | Case No: 1:19-cv-01374-MKV |
| -against- | **SETTLEMENT AGREEMENT AND RELEASE** |
| 615 W. 176th St. LLC and Chong S. Piper, | |
| Defendants. | |

This Settlement Agreement is made by and among, (i) Manuel Pimentel (hereinafter "Plaintiff") (ii) 615 W. 176th St. LLC and Chong S. Piper (hereinafter, "Defendants" and "Releasees" ), (Plaintiff and Defendants, collectively, "the Parties"); and

**WHEREAS**, Plaintiff was employed by Defendants for certain time periods; and

**WHEREAS**, on February 15, 2019, Plaintiff Manuel Pimentel, through his attorneys, Rapaport Law Firm, PLLC, filed the above-captioned lawsuit against Defendants in the United States District Court for the Southern District of New York (the "Court") alleging claims under the Fair Labor Standards Act ("FLSA) and the New York Labor Law (the "NYLL"), Civil Action No. 1:19-cv-01374-MKV (the "Complaint"); and

**WHEREAS**, Defendants deny all claims in Plaintiff's Complaint; and

**WHEREAS**, the Parties have determined it to be in their mutual interest to settle the Action and all matters between them; and

**WHEREAS**, the Parties desire to have no further obligation to each other, except as specifically provided herein; and

**WHEREAS**, Plaintiff has, throughout the negotiation and execution of this Agreement, been represented by his counsel, Marc A. Rapaport, Esq., Rapaport Law Firm, PLLC, One Penn Plaza, Suite 2430, New York, NY 10119 Tel: 212-382-1600; and

**WHEREAS**, Defendants have, throughout the negotiation and execution of this Agreement, been represented by their counsel, Diana Y. Seo, Esq., Hang & Associates, PLLC, 136-20 38th Ave., Suite 10G, Flushing, NY 11354 Tel: 718-353-8588; and

**WHEREAS**, Plaintiff's Attorney and Defendants' Attorney have reached a settlement acceptable to the Parties which constitutes a reasonable compromise of Plaintiff's claims and Defendants' defenses; and

**WHEREAS**, Plaintiff acknowledges that he has entered into this Agreement freely and

voluntarily, without threats or coercion of any kind by anyone; and

**WHEREAS**, Plaintiff acknowledges that he understands the meaning and effect of the execution of this Agreement.

**THEREFORE**, for good and valuable consideration, the sufficiency of which is acknowledged hereby, and in consideration of the mutual covenants and undertakings set forth herein, the Parties agree as follows:

### 1. Settlement Amount

In consideration of this Agreement and General Release and withdrawal of the lawsuit, and in compliance with the promises, covenant, conditions and agreements made herein, Defendants agree to pay Plaintiff the total gross sum of Thirty Thousand Dollars and No Cents ($30,000.00) inclusive of all costs and attorneys' fees (hereinafter referred to as the "Settlement Amount");

### 2. Settlement Payment Schedule

The Settlement Amount shall be payable on a schedule as set forth as follows:

Thirty Thousand Dollars ($30,000.00) shall be mailed or hand delivered to Marc A. Rapaport, Esq., 91 Seven Hills Lake Drive, Carmel, New York 10512 within twenty (20) days of judicial approval of this settlement agreement pursuant to <u>Cheeks v. Freeport Pancake House, Inc.</u>, 796 F.3d 199 (2d Cir. 2015), which shall be apportioned as follows:

i) A check made  payable to Manuel Pimentel in the amount of 19,396.4, to be reported by Defendants on IRS-Form 1099-MISC;

ii) A check made payable to Rapaport Law Firm, PLLC in the amount of $10,603.60, representing $9,553.45 in attorney's fees and  and $1,010.15 in costs.

### 3. Tax

Plaintiff's Counsel will be issued an IRS Form 1099 at the appropriate time. Plaintiff agrees to hold Defendants harmless, and indemnify Defendants from any payments Defendants may be required to make to any taxing authority resulting from the issuance of an IRS Form 1099 as a result of Plaintiff's failure to pay any taxes, assessments, or penalties that Plaintiff owes related to said income..

Each payer of a payment under this Agreement and each recipient of a payment under this Agreement will be responsible for all taxes that he/she is legally responsible to pay as a result of this Agreement.

The Plaintiff shall provide the the W-9 form within 20 days afer the execution of this agreement by mailing the same to Hang & Associates, PLLC, 136-20 38th Ave., Suite 10G, Flushing, New York 11354.

The Plaintiff's counsel shall provde the W-9 form within 20 days after the execution of this agreement by mailing the same to Hang & Associates, PLLC, 136-20 38th Ave., Suite 10G, Flushing, New York 11354.

### 4. Wage and Hour Release by Plaintiff

(a). In exchange for and in consideration of the covenants and promises contained herein, Plaintiff, individually and on behalf of his assigns, spouse, agents, heirs, executors, administrators, beneficiaries, trustees and legal representatives, with respect solely and only to conduct that has arisen on, or prior to, the date this Agreement is executed, fully and forever releases, relieves, waives, relinquishes, and discharges (i) Chong S. Piper, in her individual and corporate capacities, and her heirs, executors, administrators, attorneys, successors and assigns; (ii) 615 W. 176th St. LLC and its current and former parents, subsidiaries, divisions, branches, and assigns and affiliated and related companies or entities, and its predecessors, successors, insurers, employee benefit plans, and present and former directors, officers, partners, shareholders, fiduciaries, representatives, agents, attorneys and employees; from any claims alleged in the Complaint including, but not limited to, any and all wage and hour claims arising under the Fair Labor Standards Act, the New York Labor Law, and the Wage Theft Prevention Act, as well as claims for overtime and unpaid wages, whether based on common law or otherwise, and all claims for improper deductions, tools of trade, spread of hours pay, expenses, reimbursements, failure to provide wage statements, and failure to provide wage notices, during Plaintiff's employment with Defendants and any other compensation or wages. This release does not include a release of any rights that Plaintiff may have under this Agreement.

(b). Nothing herein shall prevent Plaintiff from filing a charge or participating in any investigation or proceeding conducted by the National Labor Relations Board, the Securities and Exchange Commission, the Equal Employment Opportunity Commission or a federal, state, or local fair employment practices agency.  Plaintiff shall not be entitled to any additional payments from Defendants as a result of any charge filed or investigation or proceeding conducted.

(c). Defendants unconditionally and irrevocably give up and release, to the fullest extent permitted by law, Plaintiff, Plaintiff's heirs, agents, and successors, jointly and severally, of and any and all actions, charges, complaints, controversies, demands, cause of action, suits and/or claims, that Defendants have or may have against Plaintiff as of the date the Agreement is signed on behalf of Defendants.

**5. Judicial Review/Discontinuance of Claims**

a) Plaintiff acknowledges that he is not presently aware of any legal proceeding other than the above-caption action pending between Plaintiff and/or his representatives and Defendants.

b) Contemporaneously with the execution of this Agreement, Plaintiff and Defendants, by their respective counsel, shall execute a Stipulation and Order of Dismissal (annexed hereto as **Exhibit A**) ("Stipulation"), dismissing the Complaint with prejudice, which Stipulation and Order shall expressly provide that, with the Court's consent, the Court shall retain jurisdiction over this matter solely for purposes of enforcement of this Agreement. The parties, through counsel, will submit the Stipulation and Order of Dismissal, simultaneously with this Agreement, to the Court for Judicial review and approval.

c) Plaintiff shall refrain from bringing any lawsuit or initiate any proceeding for any claim waived in any paragraph of this Agreement, and agrees, further, not to permit anyone else to do so on his behalf, to the maximum extent possible under applicable law.

### 6. Denial of Wrongdoing

Nothing contained in this Agreement, nor the fact that Plaintiff has been paid any remunerations under it, shall be construed, considered, or deemed to be an admission of liability or wrongdoing by Defendants. Defendants deny any liability, committing any wrongdoing or violating any legal duty with respect to Plaintiff, including with respect to Plaintiff's employment, including Plaintiff's pay while in Defendants' employ. The terms of this Agreement, including all facts, circumstances, statements and documents, shall not be admissible or submitted as evidence in any litigation, in any forum, for any purpose, other than to secure enforcement of the terms and conditions of this Agreement, or as may otherwise be required by law.

### 7. Choice of Law and Forum

This Agreement shall at all times be construed and governed by the laws of the State of New York, regardless of conflicts of laws principles. Any dispute, claim or cause of action arising out of, or relating to, Plaintiff's employment with Defendants or this Agreement shall be resolved in the United States District Court for the Southern District of New York, with the prevailing party being awarded reasonable attorneys' fees as well as reimbursement of the filing fees.

### 8. Entire Agreement

The Parties acknowledge and agree that this Agreement reflects the entire agreement between the Parties regarding the subject matter herein and fully supersedes any and all prior agreements and understanding between the Parties hereto. There is no other agreement except as stated herein. Plaintiff acknowledges that Defendants have made no promises to him other than those contained in this Agreement.

### 9. Modification

This Agreement may not be changed unless the change is in writing and signed by the Parties.

### 10. General Provisions

The failure of any party to this Agreement to insist on strict adherence of any term hereof on any occasion shall not be considered a waiver or deprive that party of the right thereafter to insist upon strict adherence to that term or any other term hereof. The invalidity of any provision of this Agreement shall not affect the validity of any other provision hereof. This Agreement has been drafted and reviewed jointly by counsel for the Parties and no presumption or construction as to the drafting of this Agreement shall be applied against or in favor of any party.

### 11. Legal Counsel

Plaintiff is hereby advised of his right to consult with an attorney before signing this Agreement. Plaintiff hereby acknowledges that he is fully and fairly represented by Rapaport Law Firm, PLLC, in connection with the review, negotiation and signing of this Agreement.

## 12. Representations and Acknowledgements

Plaintiff represents that he has consulted with an attorney prior to signing this Agreement and that this Agreement is the product of negotiations between his attorney and the attorneys for the Defendants. Plaintiff further represents that:

    (a) He has reviewed each and every provision of this Agreement;

    (b) The Agreement has been explained to him by his attorney;

    (c) That this Agreement appears to him to have been written in a manner calculated to be understood by him; and,

    (d) He does in fact fully understands this Agreement, including the release of claims.

Plaintiff further represents that neither the Defendants nor any of their agents, representatives or attorneys made any representations concerning the terms or the effects of this Agreement other than those contained herein, that his decisions to sign this Agreement are not based in whole or in part on any statement or promise that does not appear within the four corners of this document, and that he has been fairly represented by his attorneys throughout these proceedings.

## 13. Captions

All article, section and paragraph titles or captions contained in this Agreement are for convenience only and shall not be deemed part of the context nor affect the interpretation of this Agreement.

## 14. Execution

The Parties agree that this Agreement may be executed in counterparts, and that signatures transmitted electronically shall bear the same weight as original signatures.

**PLAINTIFF ACKNOWLEDGES THAT HE HAS CAREFULLY READ THIS AGREEMENT, UNDERSTANDS IT, AND IS VOLUNTARILY ENTERING INTO HIS OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS.**

**PLAINTIFF**

Manuel Pimentel

*Manuel Pimentel*

DATE: MAY 13, 2020

**<u>DEFENDANTS</u>**

615 W. 176th St. LLC

Chong J. Piper

NAME:

DATE:

May 28, 2020

Theodore Piper

TITLE:

DATE:    May 20, 2020

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Manuel Pimentel,

                                        Plaintiff,

                    v.                                                      Case No: 1:19-cv-01374-MKV

615 W. 176th St. LLC and Chong S. Piper,                    **STIPULATION AND ORDER**
                                                                                    **OF DISMISSAL**
                                        Defendants,


         IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned counsel

for Plaintiff and Defendants in the above captioned action, that, in accordance with Rule 41 of the

Federal Rules of Civil Procedure, the action be dismissed, with prejudice and without costs or

attorneys' fees to any party, as to Plaintiff or Defendants. This Court retains jurisdiction to enforce

the Settlement Agreement and the Release of this action.


RAPAPORT LAW FIRM, PLLC            HANG & ASSOCIATES, PLLC

*Attorneys for the Plaintiff*              *Attorneys for Defendant*

By: _____       By: _____
Marc A. Rapaport, Esq.                   Diana Y. Seo, Esq.
One Penn Plaza, Suite 2430            136-20 38th Ave., Suite 10G
New York, New York 10119            Flushing, New York 11354
Tel: 212-382-1600                          Tel: 718-353-8588


SO ORDERED


_____
Hon. Judge Mary Kay Vyskoci