| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:_____<br>DATE FILED: 6/10/2020 |

MANUEL PIMENTEL,

       Plaintiff,

-against-

615 W. 176TH ST. LLC, and CHONG S. PIPER,

       Defendants.

1:19-cv-1374 (MKV)

ORDER

MARY KAY VYSKOCIL, United States District Judge:

  In a letter dated April 22, 2020, Defendants informed the Court that the parties reached a settlement in principle. [ECF #47]. In an Order dated April 29, 2020, the Court explained that, because Plaintiff's complaint asserts a claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, judicial approval is required before settlement, *see Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015), and the Court directed the parties to submit a copy of their proposed settlement and a joint letter to the Court explaining why their proposed settlement is fair and how much of the proposed settlement Plaintiff's attorney shall be seeking as fees [ECF #48]. On May 29, 2020, counsel for Plaintiff filed a copy of the proposed settlement, the joint fairness letter from the parties, and copies of the retainer agreement and bill from Plaintiff's counsel [ECF #49, 49-1, 49-2, 49-3].

  The Court has carefully reviewed the parties' submissions, and the Court finds that the proposed settlement is fair and reasonable. "In deciding whether to approve a stipulated settlement, the Court must scrutinize the settlement for fairness." *Boucaud v. City of New York*, No 07-cv-11098 (RJS), 2010 WL 4813784, at *1 (S.D.N.Y. Nov. 16, 2010). Specifically, the Court must consider the following factors:

> (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (quoting *Medley v. Am. Cancer Soc.*, No. 10 Civ. 3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).  The Court has considered Plaintiff's alleged damages and possible recovery, as well as the challenges he would face if this case were to proceed to trial.  The Court notes that the parties participated in mediation and engaged in a meaningful exchange of information and documents.  The Court finds that the proposed settlement "is the product of arm's-length bargaining between experienced counsel."  *Id*.  Accordingly, IT IS HEREBY ORDERED that this action shall be dismissed with prejudice.  *See* Fed. R. Civ. P. 41.  This Court retains jurisdiction to enforce the terms of the settlement agreement.

IT IS FURTHER ORDERED that attorneys' fees in the amount of $9,553.45 and costs of $1,010.15 are approved.

IT IS FURTHER ORDERED that the fairness hearing that was scheduled to take place on June 18, 2020 at 11:30 AM is cancelled.

**SO ORDERED.**

**Date:  June 10, 2020**　　　　　　　　　　　　　　　**MARY KAY VYSKOCIL**
　　　　**New York, NY**　　　　　　　　　　　　　　　**United States District Judge**